**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SUZANNE McGEE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. CV 10-4938 NJV

ORDER REQUIRING FURTHER BRIEFING

This matter is pending before the Court on cross-motions for summary judgment. After reviewing the parties' papers, the Court finds that further briefing is needed for the Court to conduct a complete and thorough review.

Plaintiff contends that a fully favorable decision of her disability in a subsequent and separate application constitutes new material evidence which requires reversal of the April 7, 2008, decision, or in the alternative, asks this Court to remand her case for reconsideration in light of new evidence. (Doc. No. 29 at 2.) Under the Social Security Act, "the court . . . may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). New evidence is material if it 'bears directly and substantially on the matter in dispute,' and if there is a 'reasonable possibility that the new evidence would have changed the outcome of the . . . determination.'" *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Sec'y of Health & Human Servs*., 734 F.2d 1378, 1380 (9th Cir. 1984) (internal quotation and citations omitted)). "To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." *Mayes v. Massanari*,

276 F.3d 453, 463 (9th Cir. 2001) (citing *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)). The good cause requirement is satisfied "[i]f new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding." *Id*.

The Court finds that the parties have not adequately addressed the issue of good cause under 42 U.S.C. § 405(g). Defendant argues, and Plaintiff does not dispute, that medical evidence was presented in support of the second application which was not presented in support of the initial application. This medical evidence includes a consultative psychological examination performed by Richard Palmer, Ph.D, who found psychological work limitations, and the testimony of Dr. Bello, who opined that Plaintiff met the listing for inflammatory arthritis "since the amended onset date [May 9, 2008]." Plaintiff's Motion for Summary Judgment, Exhibit 1, p. 6-7. The parties, however, provide no discussion as to whether the good cause standard has been met for the failure to incorporate this evidence into the first proceeding.

Accordingly, IT IS HEREBY ORDERED as follows:

1) The parties shall simultaneously brief the issue of good cause under 42 U.S.C. § 405(g) to support remand of Plaintiff's case for reconsideration in light of new evidence. The parties shall discuss the application of *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010) and *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) to the issue of good cause in this case.

2) The parties' briefs shall not exceed five pages in length and shall be filed no later than 5:00 p.m. on December 20, 2011.

**IT IS SO ORDERED.**

Dated: December 5, 2011      _____

NANDOR J. VADAS
UNITED STATES MAGISTRATE JUDGE

2